NITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:24-cv-80892-LEIBOWITZ/MCCABE

**COLONIAL VAN LINES, INC.**,

    *Plaintiff*,

v.

**SAFEWAY MOVING, LLC,** *et al.*,

    *Defendants*.

_____/

## ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES

At certain points, the rulings that follow here boil down to distinctions that would make the houses of Hillel and Shammai blush with pride.[1]  On the one hand, Rule 8(a) of the Federal Rules of Civil Procedure governs the pleading of complaints and counterclaims and requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 8(b), governing the pleading of affirmative defenses on the other hand, requires that a party "state in short and plain terms its defenses to each claim asserted against it."  Fed. R. Civ. P. 8(b)(1)(A).  Such a massive difference, right?  Or, is there really any important difference at all?  The excitement and suspense, all can agree, is palpable.

---

[1] These two schools of rabbinic sages lived and debated the controversies and interstices of Jewish law more than two thousand years ago.  Much like the debate on Rule 8 of the Federal Rules of Civil Procedure, one school's interpretations (Shammai) were generally more restrictive; the other's (Hillel) generally more moderate.  *See generally* EPHRAIM E. URBACH, THE SAGES: THEIR CONCEPTS AND BELIEFS (1975).

Before the Court is Plaintiff's Motion to Strike Defendants' Affirmative Defenses (the "Motion") [ECF No. 20], filed on October 8, 2024.[2] The Court has considered the Motion, Defendants' Response in Opposition to the Motion (the "Response") [ECF No. 21], the record, and is otherwise fully advised. For the reasons set forth below, the Motion is GRANTED IN PART and DENIED IN PART.

I. BACKGROUND

Plaintiff ("Colonial") owns and operates an interstate moving company based in Florida, and Defendants are involved in the interstate moving industry as well. [ECF No. 1 at 1]. Colonial alleges that Defendants have continuously attempted to tarnish its reputation by sending Colonial customers an article (edited by Defendants) suggesting that Colonial scams consumers. [*Id.* at 1–2]. As a result of Defendants' conduct, on July 22, 2024, Colonial filed its Complaint alleging violations of federal trademark infringement, federal false designation of origin and unfair competition, Florida common law trademark infringement, Florida common law unfair competition, Florida common law tortious interference with prospective economic advantage, and Florida's Deceptive and Unfair Trade Practices Act. [*See generally id.*]. On September 4, 2024, Defendants filed their Amended Answer and Affirmative Defenses, including fourteen affirmative defenses that are the subject of this Motion. [ECF No. 19].

II. LEGAL STANDARDS

    A. Motion to Strike

---

[2] Plaintiff untimely filed its Motion to Strike on October 8, 2024, well after 21 days of being served with Defendants' pleading. *See* Fed. R. Civ. P. 12(f)(2). Nevertheless, this Court exercises its discretion and, pursuant to Rule 12(f)(1) of the Federal Rules of Civil Procedure, reviews Defendants' affirmative defenses to seek whether this Court should strike them as insufficient. *In re Cooper*, No. 6:11-bk-05364-KSJ, 2013 WL 5278933, at *1 (M.D. Fla. Sept. 19, 2013) (considering merits of plaintiffs' motion to strike even though it was untimely because "Rule 12(f) allows the Court *sua sponte* to strike matters in a pleading at any time").

First, the obligatory boring stuff. Rule 12(f) of the Federal Rules of Civil Procedure explains when the court can strike "a pleading, an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court can do this on its own or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." *Id.* Courts "have broad discretion when considering a motion to strike[;]" however, "[s]triking defenses from a pleading" remains a "'drastic remedy to be resorted to only when required for the purposes of justice' and only when the stricken material has 'no possible relation to the controversy.'" *Guarantee Ins. Co. v. Brand Mgmt. Serv., Inc.*, No. 12-61670-CIV, 2013 WL 4496510, at *2 (S.D. Fla. Aug. 22, 2013).

### B. Standard for Pleading Affirmative Defenses

Now, the really exciting part. When it comes to the pleading standard that applies to affirmative defenses, federal judges belong to different schools of thought. *See Ctr. for Individual Rights v. Chevaldina*, No. 16-20905-CIV, 2017 WL 2954919, at *3 (S.D. Fla. July 11, 2017) (Torres, J.) ("'Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion.'") (quoting *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716-CIV, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013) (Rosenbaum, J.)). Specifically, "[t]here is currently a split of authority in the Eleventh Circuit on whether affirmative defenses must comply with Rule 8." *Chevaldina*, 2017 WL 2954919, at *3. Rule 8(b)(1)(A) of the Federal Rules of Civil Procedure states that in responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). At issue is the electric question of whether the "plausibility standard," as articulated in the Supreme Court cases of *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal* applies to affirmative defenses—or not. 550 U.S. 544, 555–56 (2007); 556 U.S. 662, 683 (2009).

Some judges (let's call them "the Twiqbals," the successors of the House of Shammai) adhere to a school of thought holding "that affirmative defenses are subject to the heightened pleading standard set forth" in *Twombly* and *Iqbal*. *Chevaldina*, 2017 WL 2954919, at *3; *see also Gomez v. M10 Motors LLC*, No. 19-23372-CV, 2019 WL 7049501, at *2 (S.D. Fla. Dec. 23, 2019) (Torres, J.); *Elec. Commc'n Techs., LLC v. Clever Athletics Co.*, 221 F. Supp. 3d 1366, 1368 (S.D. Fla. 2016) (Dimitrouleas, J.); *Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 691 (S.D. Fla. 2013) (King, J.). Accordingly, the Twiqbals apply the "plausibility standard" to affirmative defenses and will strike "defenses which offer labels or conclusions" as insufficient because they would fail to "include factual allegations to 'raise a right to relief above the speculative level.'" *Chevaldina*, 2017 WL 2954919, at *3 (quoting *Twombly*, 550 U.S. at 555).

Other judges (let's call them "the Fair Noticers," all descendants of the House of Hillel) have found that "affirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*," and conclude instead that "[t]he straightforward construction of Rule 8 delineates different standards for pleadings generally, and those applicable to defenses." *Laferte v. Murphy Painters, Inc.*, No. 17-CIV-60376, 2017 WL 2537259, at *2 (S.D. Fla. June 12, 2017) (Bloom, J.); *see also Patel v. Spot Classic Barbershop, LLC*, No. 21-CV-23966-DLG, 2022 WL 19266320, at *2 (S.D. Fla. Apr. 18, 2022) (Graham, J.); *Brito v. Palm Springs Mile Assocs., Ltd.*, No. 20-24701-CIV, 2021 WL 2634863, at *1 (S.D. Fla. Feb. 3, 2021) (Scola, J.). In doing so, the Fair Noticers have looked to the "subtle but significant" differences in language between Rule 8(a) and Rule 8(b), noting that Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," while "Rule 8(b) merely requires that a party 'state in short and plain terms its defenses to each claim against it.'" *Laferte*, 2017 WL 2537259, at *2 ("The straightforward construction of Rule 8 delineates different standards for pleadings generally, and those applicable to defenses."). In addition to this statutory construction, the Fair Noticers sometimes include a practical, moderating interpretive move: "'when one considers

4

that a defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair.'" *Id.* (citing *Floyd v. SunTrust Banks, Inc.*, No. 1:10-CV-2620-RWS, 2011 WL 2441744, at *8 (N.D. Ga. June 13, 2011)).

Enough suspense: the undersigned concludes that the Fair Noticers have the best of it over the Twiqbals and therefore applies the lower pleading standard to affirmative defenses. "Pursuant to Federal Rule 8(b)(1)(A), a party responding to a pleading need only 'state in short and plain terms its defenses to each claim asserted against it.'" *Harapeti v. CBS Television Stations, Inc.*, No. 20-CV-20961, 2021 WL 1854141, at *1 (S.D. Fla. May 10, 2021). In this Court's view, "Rule 8 does not obligate a defendant to set forth detailed factual allegations; instead, a defendant must give the plaintiff 'fair notice' of the nature of the defense and the grounds upon which it rests." *Lalusis v. NCL (Bahamas) Ltd.*, No. 24-CV-21354, 2024 WL 3183238, at *2 (S.D. Fla. June 26, 2024) (Altman, J.) (internal quotation marks omitted). With this framework in mind, the Court considers the Motion.

## III. DISCUSSION

### A. Plaintiff's Motion to Strike

In the Motion, Plaintiff argues that each affirmative defense is not properly plead by Defendants under Rule 8 of the Federal Rules of Civil Procedure and the requirements laid out in *Twombly*. [ECF No. 20 at 4]. Thus, Plaintiff states that each affirmative defense must be stricken because it does not provide Plaintiff any notice of the factual assertions giving rise to the defenses and are merely boilerplate defenses commonly asserted. [*Id.*]. Plaintiff also contends that Defendants have pled improper affirmative defenses in violation of Rule 12(f) of the Federal Rules of Civil Procedure. [*Id.* at 5]. Plaintiff also argues that affirmative defenses numbered 1, 4, 6, and 7 are improper or are not affirmative defenses at all—and therefore should be stricken. [*Id.*]. Lastly, Plaintiff argues that Defendants' affirmative defenses must be stricken because Defendants have

denied all allegations in the Complaint and failed to admit any essential facts that give rise to the need for an affirmative defense. [*Id.* at 7].

In its Response, Defendants argue that Plaintiff's Motion must be denied as untimely and on the merits. [*See generally* ECF No. 21]. Defendants request leave to amend their Amended Answer and Affirmative Defenses should the Court disagree with Defendants. [ECF No. 21 at 4].

### B. Defendants' Amended Answer and Affirmative Defenses

#### 1. Affirmative Defenses Number 1, 2, 3, 5, 9, 12, and 13

Without even needing to resolve the raucous debate sketched above, the Court finds that affirmative defenses numbered 1, 2, 3, 5, 9, 12, and 13 are not affirmative defenses, but denials. "[A]n affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Royal Caribbean Cruises, Ltd. v. Jackson*, 921 F. Supp. 2d 1366, 1372 (S.D. Fla. 2013). For that reason, a defense that simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense at all. *See In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). When a defendant mislabels a specific denial as an affirmative defense, the proper remedy is to treat the claim as a denial, not to strike it. *See FDIC v. Bristol Home Mortg. Lending, LLC*, No. 08–81536–CIV, 2009 WL 2488302, at *3 (S.D. Fla. Aug. 13, 2009). Here, these defenses attack the Complaint by identifying a defect or lack of evidence in Plaintiff's case. Because the proper remedy is to construe these defenses as denials, the Court will deny Plaintiff's request to strike them. On this, the Twiqbals and Fair Noticers have no quarrel.

#### 2. Affirmative Defenses Number 4 and 10

Finally, the battle is joined. Defendants' fourth affirmative defense states only that "Plaintiff's claims are barred by the nominative fair use doctrine." [ECF No. 12 at 6]. Defendants' tenth affirmative defense states only that "Plaintiff's claims either in whole or in part are barred by the doctrine of waiver and/or estoppel." [*Id.* at 7]. Thankfully, we have already resolved the core dilemma

6

and announced that only "fair notice" is required for pleading an affirmative defense—and this is not fair notice. These defenses are "nothing more than a bare recitation of boiler-plate affirmative defenses without linking these assertions to any factual support, including alleged acts or omissions by Plaintiff[ ]." *See Sport Mgmt. Sys., LLC v. Woolley Grp., LLC*, No. 15-CV-62224, 2016 WL 8793334, at *2 (S.D. Fla. May 11, 2016). Because these defenses fail to "provide fair notice of the nature of the defense and the grounds upon which it rests[,]" these defenses are stricken, with leave to amend to correct the deficiencies stated above. *Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-CV-1576-ORL-37TBS, 2013 WL 5970721, at *2 (M.D. Fla. Nov. 8, 2013) (quotations omitted). Even the lower pleading threshold championed by the Fair Noticers requires more than this.

### 3. Affirmative Defense No. 6

With that wind in our sail, we move on. Defendants' sixth affirmative defense states "that Plaintiff has failed to mitigate its damages, if any, and any recovery to which the Plaintiff may be entitled must be reduced by the degree and extent of its failure to mitigate its damages." [ECF No. 12 at 7]. Now as any self-respecting Fair Noticer will tell you, an affirmative defense must provide the opposing party with notice of the defendant's use of a particular defense. *See Blonder-Tongue Lab'ys, Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 350 (1971) (holding that the purpose of pleading an affirmative defense is to give the opposing party notice of the defense and a chance to rebut it); *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988) ("The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it."). While a defendant need not set forth detailed factual allegations that satisfy the Twiqbals' complete "plausibility" standard, a defendant must provide fair notice of the nature of the defense and the grounds on which it rests. *See Suffolk Constr. Co. v. Edenburg Hosp., Inc.*, No. 22-CV-20431-KMM, 2023 WL 2714183, at *1 (S.D. Fla. Mar. 8, 2023) (Moore, J.). In other words, an affirmative defense does not satisfy Rule 8(b) for the Fair Noticer by only "bare-bone

7

conclusions of law without any supporting facts." *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 682 (S.D. Fla. 2015).

Here, Defendants allege that Plaintiff has failed to mitigate its damages—without stating any supporting factual grounds on which it bases the defense. Defendants allege in cursory fashion that any recovery to which Plaintiff may be entitled must be reduced by the degree and extent of its failure to mitigate its damages. This defense is not pleaded sufficiently for any self-respecting Fair Noticer (says the newest member of the school, with confidence). For the affirmative defense to stand, Defendants must allege facts on which it bases the defense. Thus, the Court grants Plaintiff's request to strike this defense. Defendants are granted leave to amend this affirmative defense to provide fair notice.

### 4. Affirmative Defense No. 7

Defendants' seventh affirmative defense asserts that "Plaintiff lacks standing to pursue this claim and is not the real party in interest." [ECF No. 12 at 7]. This is not actually an affirmative defense at all. Affirmative defenses admit the assertions in the complaint but avoid liability by asserting new facts showing excuse, justification, or some other negating matter. *See Bluewater Trading LLC v. Willmar USA, Inc.*, No. 07-61284-CIV, 2008 WL 4179861, at * 1 (S.D. Fla. Sept. 9, 2008). Like some of the averments discussed above, Defendants' assertion that Plaintiff is "not the real party in interest," and therefore lacks standing, is simply a denial that Plaintiff has the right to pursue this action; it does not assert an additional fact that exculpates Defendants from liability. *See Branch Banking & Tr. Co. v. Nat'l Fin. Servs., LLC*, No. 6:13-CV-1983-ORL-31TBS, 2014 WL 2019301, at *4 (M.D. Fla. May 16, 2014). Thus, the Court strikes Defendants' seventh affirmative defense. This has no impact on Defendants' ability to claim lack of standing at the proper time under the law; it simply recognizes that the argument is not categorized properly as an affirmative defense. Once again, the Twiqbals and the Fair Noticers have no quarrel.

### 5. Affirmative Defense No. 8

Defendants' eighth affirmative defense asserts that "Defendants state that without admitting liability, in the event Plaintiff should recover on its claims, Defendants are entitled to a set-off, offset and/or reduction for any and all collateral source benefits or settlement agreement, either paid or payable to the Plaintiff and/or Plaintiff's representatives." [ECF No. 12 at 7]. This defense falls into the category of a "set-off," which is different from an affirmative defense. "[I]n tort actions where a set-off is permissible under Florida law, 'set-off is not an affirmative defense to be considered by the jury but is a determination regarding damages to be made by the court after the verdict is rendered.'" *K. Hansotia & Co. Inc. v. Einalem LLC*, No. 0:19-CV-60191-UU, 2019 WL 7708241, at *3 (S.D. Fla. May 13, 2019) (quoting *KMS Rest. Corp. v. Wendy's Int'l Inc.*, 194 F. App'x 591, 598 (11th Cir. 2006)). Therefore, the Court must strike this affirmative defense; Defendants may avail themselves of a set-off as permitted by law regardless of the pleading here.

### 6. Affirmative Defense No. 11

Here is Defendants' eleventh affirmative defense: "Defendants state that Plaintiff did not satisfy conditions precedent to the filing of this action." [ECF No. 12 at 7]. As with Affirmative Defenses 4 and 10 above, this does not satisfy the Fair Notice School. Number 11 might be a proper affirmative defense of failure to satisfy a condition precedent if Defendants "cited the grounds upon which this affirmative defense rests—that is the specific conditions precedent alleged to not have been met." *Bodden v. Sports Med. Assocs. of S. Fla., P.A.*, No. 21-62508-CIV, 2022 WL 22882632, at *3 (S.D. Fla. Mar. 28, 2022) (Singhal, J.). Affirmative Defense 11, however, doesn't do that. Thus, with the zeal of a convert, this Fair Noticer Court grants Plaintiff's request to strike this affirmative defense. Defendants are granted leave to amend this affirmative defense to describe the specific conditions precedent alleged to have not been met and thereby satisfy Rule 8(b), as any self-respecting Fair Noticer must demand.

### 7. Affirmative Defense No. 14/Reservation of Rights

If this was a diving competition, we end with a belly flop. Paragraph 14 of Defendants' affirmative defenses states that "Defendants reserve the right to supplement or amend this answer, including through the addition of further defenses, based on the course of discovery and proceedings in this action." [ECF No. 12 at 7]. This "reservation of rights" is not a legal defense at all, affirmative or otherwise. Defendants' "ability to amend [or supplement their] pleading[s] is governed by the Federal Rules of Civil Procedure and this Court's orders—simply put, the reservation is not legally viable and merely clutters [their] responsive pleading." *Branch Banking & Tr. Co.*, 2014 WL 2019301, at *4; *see Gonzalez v. Spears Holdings, Inc.*, No. 09-60501-CIV, 2009 WL 2391233, at *4 (S.D. Fla. July 31, 2009) ("This reservation of rights clause does not constitute an affirmative defense because it does not respond to the initial complaint or raise facts which negate Plaintiff's claims."). Thus, the Court strikes Defendants' fourteenth affirmative defense. Like others improperly categorized in this go-round, striking this "reservation of rights defense" does not preclude Defendants from seeking leave to supplement or amend their answer should circumstances reveal that to be appropriate under the law.

## IV.    CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike [**ECF No. 20**] is **GRANTED IN PART and DENIED IN PART**. Plaintiff's Motion to Strike is **DENIED** as to Defendants' First, Second, Third, Fifth, Ninth, Twelfth, and Thirteenth Affirmative Defenses. Plaintiff's Motion to Strike is **GRANTED** as to Defendants' Seventh, Eighth, and Fourteenth Affirmative Defenses. Plaintiff's Motion to Strike is **GRANTED** as to Defendants' Fourth, Sixth, Tenth, and Eleventh Affirmative Defenses **WITH LEAVE TO AMEND**. Defendants shall file a second Amended Answer and Affirmative Defenses in accordance with this

Order **no later than March 4, 2025**.  The Fair Notice School stands in recess, having gained another acolyte.

**DONE AND ORDERED** in the Southern District of Florida on this February 11, 2025.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record